UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Yaritza Luzardo,
and other similarly-situated individuals,

    Plaintiff(s),

vs.

Klick Wireless, LLC and Abhinav Bhushan

    Defendants.

_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiff, Yaritza Luzardo, and other similarly-situated individuals, by and through the undersigned counsel, sue the Defendants and allege:

1. This is an action to recover money damages for unpaid overtime and unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff, Yaritza Luzardo, is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, **Klick Wireless, LLC and Abhinav Bhushan**, is a Florida Limited Liability Company and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendant resides in Miami-Dade County, Florida.

4. The Plaintiff was a Mobile Phones Sales Representative who performed various duties which included: cleaning, selling phones, and counting inventory, and, through her business activity, affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff was employed by Defendants as a Mobile Phones Sales Representative by Klick Wireless, LLC and Abhinav Bhushan.

5. While employed by Defendant, the Defendants failed to pay the Plaintiff for over time for seven pay periods and has also failed to pay the Plaintiff the complete amount for her wages check for October, 2014 and November, 2014. Plaintiff earned $12.00 per hour during her employment with the Defendants.

6. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid overtime and wages** are as follows:

**Actual Damages** plus interest, representing the amount unpaid for all overtime on a weekly basis is as follows:

- Pay period one (pay period September 22, 2014 through September 28, 2014): Plaintiff worked 4.95 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $29.70.

- Pay period two (pay period September 29, 2014 through October 5, 2014): Plaintiff worked 7.10 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $42.60.

- Pay period three (pay period October 6, 2014 through October 12, 2014): Plaintiff worked 1.32 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $7.92.

- Pay period four (pay period October 13, 2014 through October 19, 2014): Plaintiff worked 10.95 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $65.70.

- Pay period five (pay period October 20, 2014 through October 26, 2014): Plaintiff worked 12.72 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $76.32.

- Wages for October, 2014: Plaintiff is owed $1,354.68 in straight wages. Plaintiff only received $1,100.00 so she is owed $254.68 for her wages.

- Wages check for November, 2014: Plaintiff is owed of $1,159.40 in straight wages. Plaintiff only received $891.00 so she is owed $268.40 for her wages.

- Pay Period six (pay period December 1, 2014 through December 7, 2014): Plaintiff worked 8.70 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $52.20.

- Pay Period seven (pay period December 8, 2014 through December 14, 2014): Plaintiff worked 4.37 hours of unpaid over-time ($6.00 Halftime) for a total amount due of $26.22.

THEREFORE, the Plaintiff is owed a total of $823.74 in unpaid overtime and wages. **Liquidated Damages** representing an equal amount in double damages/liquidated damages of: $823.74

**TOTAL DAMAGES: $1,647.48 plus reasonable attorney's fees and costs of suit.**

### COUNT I: FAILURE TO PAY/MINIMUM WAGE VIOLATION BY KLICK WIRELESS, LLC AND ABHUNAV BHUSHAN

7. Plaintiff, Yaritza Luzardo, re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

3

8. At all times material hereto, the Defendants, Klick Wireless, LLC and Abhinav Bhushan, failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiff, Yaritza Luzardo, performed services and no provision were made by the Defendants to properly pay her as required by the act. The additional persons who may become Plaintiffs in this action were weekly paid employees and/or former employees of the Defendants, Klick Wireless, LLC and Abhinav Bhushan, who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

9. The Defendants, Klick Wireless, LLC and Abhinav Bhushan, knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiff, Yaritza Luzardo, straight wages as set forth above.

10. The Plaintiff, Yaritza Luzardo, is entitled to recover double damages. Defendants, Klick Wireless, LLC and Abhinav Bhushan never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

11. The Defendants, Klick Wireless, LLC and Abhinav Bhushan willfully and intentionally refused to pay the Plaintiff, Yaritza Luzardo, minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since September 22, 2014.

12. The Plaintiff, Yaritza Luzardo, has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

13. The Defendants, Klick Wireless, LLC and Abhinav Bhushan, have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, Yaritz Luzardo, promptly.

14. The Defendants, Klick Wireless, LLC and Abhinav Bhushan violation of FLSA provisions concerning prompt, regular payment of wages was willful.

15. The Defendants, Klick Wireless, LLC and Abhinav Bhushan knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

16. The Plaintiff, Yaritza Luzardo, is entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST KLICK WIRELESS, LLC AND ABHINAV BHUSHAN

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

18. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits

funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Employer/Defendants is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants Klick Wireless, LLC and Abhinav Bhushan business activities involve those to which the Fair Labor Standards Act applies. The Defendant provides telephone services, and through its business activity, affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff was employed by Defendants as a Mobile Phones Sales Representative employee assigned to provide any required tasks, such as cleaning, selling phones, and counting inventory, wherever assigned by Klick Wireless, LLC and Abhinav Bhushan.

21. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and

were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

22. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

23. At the times mentioned, Defendant **Abhinav Bhushan** was, and is now, the President and/or owner of Defendant Corporations. Defendant, **Abhinav Bhushan,** was employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant, **Abhinav Bhushan,** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

24. Defendants Klick Wireless, LLC and Abhinav Bhushan willfully and intentionally refused to pay Plaintiff overtime wages and commissions as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants, Klick Wireless, LLC and Abhinav Bhushan on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid commissions and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT III-RETAILIATORY DISCHARGE

26. Plaintiff re-adopts each and every factual allegation as stated in Paragraph 1-6 above as if set out in full herein.

27. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes and brought pursuant to this court's supplemental jurisdiction pursuant to 28 U.S.C § 1367(a).

28. At all times relevant, Plaintiff was employed by the Defendant as a Mobile Phones Sales Representative employee who performed various duties which included: cleaning, selling mobile phones, and counting inventory.

29. On or about November, 2014, the Plaintiff confronted the store manager about the wages owed to her and the store manager refused to explain to her the reasons why she was owed wages.

30. On or about December 18, 2014, the Defendants fired the Plaintiff and did not allow her to re-commence work for the Defendants.

31. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of the Plaintiff's employment was that the Plaintiff sought or attempted to seek to enforce her legal rights.

32. The Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as directed result, the Plaintiff has been damaged.

33. By reason of the Defendants' wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

34. The Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore, Plaintiff in entitled to punitive damages.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; injunctive relief prohibiting the Defendants from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Respectfully submitted,

**JARA & ASSOCIATES, P.A.**
19 West Flagler Street, Suite 504
Miami, Florida 33130
Telephone: (305) 372-0290
Facsimile: (305) 675-0383
E-filing: info@jaralaw.com

By: /s/ Franklin A. Jara
    Franklin Antonio Jara, Esq.
    Fla. Bar No. 636681